UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGIO AUGUSTO SANTIBANEZ VAZQUEZ,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

No.  2:26-cv-00547 DJC SCR

ORDER AND AMENDED FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  On March 9, 2026, District Judge Calabretta denied petitioner's motion for temporary restraining order and referred the matter to the undersigned pursuant to Local Rule 302(c)(17).  ECF No. 10.

On March 16, 2026, the undersigned issued findings and recommendations that the § 2241 petition be denied and respondent's motion to dismiss be granted.  ECF No. 11.  Petitioner filed objections to the findings and recommendations on March 20, 2026.  ECF No. 12.  Having reviewed the objections, the undersigned finds it necessary to amend the findings and recommendations and clarify that respondent's motion to dismiss should be denied, not granted, in light of the recommendation that the § 2241 petition be denied on its merits.

////

1

## I.    Factual and Procedural History

Petitioner is a native and citizen of Colombia currently detained at the California City Correctional Center.  ECF No. 1 at 1, ¶ 1.  Immigration officials detained petitioner on December 7, 2025, and administratively charged him as inadmissible under 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa.  Id., ¶ 2; ECF No. 8-1 at 2.  On February 17, 2026, an immigration judge ("IJ") denied petitioner's request for custody redetermination under 8 C.F.R. § 1236.1.  ECF No. 8-3.  The IJ determined petitioner was a "danger to the community based on criminal history" and a flight risk.[1]  Id. at 2.  Petitioner appealed the IJ's decision to the BIA on February 20, 2026.  ECF No. 8-4 at 2.  Petitioner's BIA appeal is still pending.  ECF No. 8 at 4.

Petitioner filed this § 2241 petition on February 23, 2026, raising two claims for relief.  First, petitioner alleges his prolonged and indefinite detention violates the Due Process Clause of the Fifth Amendment.  ECF No. 1 at 6-7.  Second, petitioner alleges that his bond hearing violated due process for three reasons: (1) the IJ misallocated the burden of proof; (2) the IJ applied an "incorrect or overly broad" standard for dangerousness; and (3) the IJ failed to consider less restrictive alternatives to detention.  Id. at 8-9.

Respondent filed a motion to dismiss the petition for failure to exhaust administrative remedies.  ECF No. 8.  Respondents argue that while precedent does not foreclose petitioner's as-applied challenge to the custody redetermination procedures in 8 U.S.C. § 1226(a), the court here should require prudential exhaustion and dismiss the § 2241 petition.  Id. at 3-4 (applying factor test from Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007)).

## II.    Analysis

The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims.  Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011).  "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused.

---

[1]  In July 2023, Petitioner was arrested and charged with driving under the influence, but that charge was dismissed and he sustained a conviction for reckless driving.  ECF No. 8-2 at 6.

2

Id. at 988 (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)).

While the undersigned would be inclined to stay the proceedings pending petitioner's appeal to the BIA, it is clear from the petition that petitioner has no viable path to habeas relief on the merits of his two claims.  Therefore, the undersigned will instead address the petition on its merits and recommend that it be denied and respondent's motion to dismiss be denied as unnecessary.

Beginning with the first claim, petitioner's roughly three-month detention under § 1226(a) is neither prolonged nor indefinite.  It has yet to exceed the presumptively reasonable six-month period of detention identified by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678, 699 (2001), and while the BIA appeal will undoubtedly delay his removal proceedings, "he is not stuck in a 'removable-but-unremovable limbo[.]'" Prieto-Romero v. Clark, 534 F.3d 1053, 1063 (9th Cir. 2008).  Accordingly, petitioner is not entitled to relief on his first claim.

Petitioner's constitutional challenge to the IJ's bond determination fails on each of its three subparts.  First, petitioner's challenge to the IJ's allocation of the burden of proof is foreclosed by Rodriguez Diaz v. Garland, et al., 53 F.4th 1189, 1210-11 (9th Cir. 2022).  There, the Ninth Circuit determined § 1226(a), which places the burden of proof on the detainee at a bond hearing, to be constitutionally adequate.  Second, while the undersigned would have jurisdiction to review the BIA's eventual dangerousness determination as a "mixed question" of law and fact, Martinez v. Clark, 124 F.4th 775, 783 (9th Cir. 2024), petitioner's failure to explain how the IJ specifically erred in his case precludes relief.  See ECF No. 1 at 8, ¶ 4 (alleging generally that "[IJs] often apply an incorrect or overly broad standard for 'dangerousness[.]'").  Finally, petitioner's claim that the IJ failed to consider less restrictive alternatives to detention is foreclosed by Martinez, 124 F.4th 775, where the Ninth Circuit rejected the noncitizen's similar argument that "due process . . . mandates that immigration courts consider release conditions or conditional parole before deciding that an alien is a danger to the community." Martinez, 124 at 786.  Accordingly, the undersigned recommends that the petition be denied.

////

////

3

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that the March 16, 2026, findings and recommendations (ECF No. 11) are VACATED.

In addition, IT IS HEREBY RECOMMENDED that:

1.      Petitioner's § 2241 petition (ECF No. 1) be DENIED on the merits without prejudice to the refiling a new § 2241 petition in the future;

2.      Respondent's motion to dismiss (ECF No. 8) be DENIED; and

3.      The Clerk of the Court be directed to enter judgment in respondent's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 7, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE